IN THE UNITED STATES DISTRICT COURT

FOR THE NOTHERN DISTRICT OF GEORGIA



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 1 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

JERMAINE LITTLE,

        *Plaintiff*,

        v.

LVNV FUNDING LLC

        *Defendant*.

Civil Action No. 1:21-CV-3639

---

### COMPLAINT FOR DAMAGES, EQUITABLE, AND OTHER REMEDIES

Plaintiff JERMAINE LITTLE (hereinafter "Plaintiff" or "Jermaine") sues Defendant LVNV FUNDING LLC (hereinafter "Defendant" or "LVNV Funding") and alleges as follows:

### I.
### INTRODUCTION

1. This action arises out of Defendant's breach of their duty under Gramm Leach Bliley Act (hereinafter "GLBA"), and United States' statutory and common law. According to GLBA, financial institutions have a duty to protect personally identifiable information of their customers.

2. Plaintiff seeks injunctive relief, compensatory damages, punitive damages, and litigation expenses as remedies for Defendant's violations of their duty under GLBA and common law rights.

3. The Privacy Rule, which implemented Sections 501-509 of the GLBA, 15 U.S.C. §§ 6801-6809, was originally promulgated by the FTC on May 24, 2000, and became effective on July 1,

1

2001. In 2010, the Dodd-Frank Act consolidated most Privacy Rule-related rulemaking authority under the GLBA in the Consumer Financial Protection Bureau ("CFPB"). The CFPB then restated the implementing regulations in Regulation P, 12 CFR part 1016, in late 2011 (hereinafter "Regulation P"). The GLBA authorizes both the CFPB and the FTC to enforce Regulation P. 15 U.S.C. § 6805.

4.     Regulation P requires a financial institution to provide, no later than when a customer relationship arises and annually for the duration of that relationship, a clear and conspicuous notice to customers that accurately reflects the financial institution's privacy policies and practices, including its security policies and practices. 12 C.F.R. §§ 1016.4-1016.6.

5.     The privacy notice must include specified elements, including the categories of non-public personal information the financial institution collects and discloses, the categories of third parties to whom the financial institution discloses the information, and the security and confidentiality policies of the financial institution. 12 C.F.R. § 1016.6.

6.     LVNV Funding is a "financial institution" as defined in Section 509(3)(A) of the GLBA, 15 U.S.C. § 6809(3)(A) and is subject to the enforcement of Regulation P pursuant to Section 505 of the GLBA, 15 U.S.C. § 6805(a)(7), and 12 C.F.R. § 1016.3(l)(3).

7.     LVNV   Funding   collects   and   maintains   sensitive
financial   information   from   its   customers   and   prospective
customers, including names.

8.     On February 26, 2019, LVNV Funding bought Plaintiff's
account, and to date, it is yet to provide Plaintiff with GLBA
notice requirements in breach of the duty of care owed to
Plaintiff.

## II.
### PARTIES

9.     Plaintiff is an adult person of sound mind residing
in Marietta, GA.

10.    Defendant is a debt collection agency that, among
other things, purchases debt from creditors throughout the
United States and then attempts to collect that debt. Its
principal place of business is at 55 Beattie Pl, Greenville, SC
29601.

## III.
### JURISDICTION AND VENUE

11.    This Court has jurisdiction over the subject matter
of this action and the parties pursuant to 28 U.S.C. § 1331
because the cause of action giving rise to this case is a civil
action arising under the laws of the United States. This Court
also has jurisdiction pursuant to 28 U.S.C. 1343 because
Plaintiff seeks damages for violation of his civil rights.

12.    Venue is proper in, and Defendant is subject to the
personal jurisdiction of, this Court because Defendant maintains
business operations in this District, and all or most of the

3

events giving rise to this action occurred in this District. 28
U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

## IV.
## STATEMENT OF FACTS

13. At all times material to this action, Jermaine was
Defendant's customer by virtue of the business operations of
LVNV Funding.

14. On February 26, 2019, LVNV Funding bought Plaintiff's
account as part of its business operation mechanism. **(Exhibit A)**

15. Under the GLBA, financial institutions subject to the
statute have an obligation to tell their customers about their
information-sharing practices and explain to customers their
right to opt out if they do not want their information shared
with certain third parties. The GLBA required all such financial
institutions to comply by July 1, 2001.

16. Despite the statutory requirement, Defendant has not
established a system to provide each consumer they service with
a clear, conspicuous, and accurate privacy notice initially and
annually.

17. On June 10, 2021, June 11, 2021, and August 15, 2021,
Tonya Henderson in the Compliance Department, together with
other members of the department, spoke with Plaintiff and
demanded full payment before compliance with GLBA's privacy
policy notice and opt-out notice provisions.

18.  To date, LVNV Funding has failed, refused, and/or neglected to comply with both the notice as well as opt-out provisions of the GLBA.

19.  Further, LVNV Funding has failed to properly train each of its team members on the requirements and provisions of the GLBA. On June 10, 2021, June 11, 2021, and August 15, 2021, Plaintiff questioned over forty (40) current employees of LVNV Funding on a recorded line requesting the description of Defendant's privacy policy and opt-out notice. About 90-95% of the employees were not aware of such requirements.

20.  Plaintiff has repeatedly sent in vain both written and verbal requests to LVNV Funding demanding for full compliance with the GLBA before discussing any payment terms on any accounts, including on August 13, 2020, September 9, 2020, November 8, 2020, December 15, 2020, February 2, 2021, April 1, 2021, May 30, 2021, June 9, 2021, June 10, 2021, July 22, 2021, and August 15, 2021. **(Exhibit B)**

21.  Since Plaintiff blew whistle of LVNV Funding's wrongdoings, Defendant has been behaving unusually and, in ways detrimental to Plaintiff, including:

   (a)  intentionally re-aging an old credit account to adversely affect Plaintiff's credit report scoring. Plaintiff first noticed account re-aged around August of 2021;

   (b)  intentionally blocking and/or disguising Plaintiff's online and offline access to accounts reporting to credit

bureaus within Defendant's institution. Plaintiff first noticed such an incident on May 30, 2021. **(Exhibit C)**

22. On December 16, 2020, February 1, 2021, March 10, 2021, March 31, 2021, May 24, 2021, and June 10, 2021, LVNV Funding falsely certified to Consumer Financial Protection Bureau and other nongovernmental authorities that they are operating in compliance with the GLBA privacy policy provisions. **(Exhibit D)**

## V.
## CLAIMS

### COUNT I: NEGLIGENCE ON THE PART OF LVNV FUNDING

23. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

24. At all times material hereto, Defendant was a financial institution as defined by GLBA with the duty to, *inter alia*, safeguard its customers' personally identifiable information from any unauthorized use and/or disclosure by, *inter alia*,

> (a)     providing, no later than when a customer relationship arises and annually for the duration of that relationship, a clear and conspicuous notice to customers that accurately reflects the financial institution's privacy policies and practices, including its security policies and practices;

6

    (b)      training their personnel to ensure compliance with the requirements of the GLBA; and

    (c)      telling their customers about their information-sharing practices and explaining to customers their right to opt-out if they do not want their information shared with certain third parties.

25.    Defendant was negligent in ensuring compliance with the provisions of GLBA regarding Plaintiff's case in at least the following ways:

    (a)      Failing to inform Plaintiff of their information-sharing practices;

    (b)      Failing to explain to Plaintiff of his right to opt-out should Plaintiff object to the sharing of his personal information with certain third parties;

    (c)      Failing to provide Plaintiff with GLBA notice requirements;

    (d)      Failing to adequately train their personnel to ensure compliance with the requirements of the GLBA;

    (e)      Failing to establish a system with procedures and policies to ensure that consumers' non-public and personal information is safeguarded and kept in a confidential manner; and

    (f)      Otherwise failing to act reasonably and prudently as a financial institution should under the circumstances.

26. Defendant owed a duty of "extreme care" in its collection, storing, handling, and sharing of personally identifiable financial information pursuant to the GLBA. Defendant failed to meet this required standard of care, which failure caused and continues to cause emotional distress to Plaintiff.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered and continues to suffer severe emotional distress.

28. As a direct and proximate result of negligence of Defendant, Plaintiff is entitled to recover general damages in an amount that will be proven at trial.

## COUNT II: DECEPTION

29. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

30. On December 16, 2020, February 1, 2021, March 10, 2021, March 31, 2021, May 24, 2021, and June 10, 2021, LVNV Funding falsely certified to Consumer Financial Protection Bureau and other nongovernmental authorities that they are operating in compliance with the GLBA privacy policy provisions. **(Exhibit D)**

31. Based on such misrepresentations, Plaintiff believed that Defendant was indeed operating in compliance with the GLBA.

32. Defendant knew that such representations were false, or had no belief in their truth, or was reckless whether they were true or false.

33. Defendant intended that its consumers, including Plaintiff, rely on their representations which were false.

34. Plaintiff relied on the misrepresentations, which consequently exposed him to mental anguish.

35. As a direct and proximate result of misrepresentations of Defendant, Plaintiff is entitled to recover general damages in an amount that will be proven at trial.

## COUNT III: RETALIATION

36. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

37. Recently, Plaintiff blew whistle on Defendant's wrongdoings, which has since made Defendant act unusually towards Plaintiff by, *inter alia*,

> (a) intentionally re-aging an old credit account to bring great harm to Plaintiff's credit report scoring; and

> (b) intentionally blocking and/or disguising Plaintiff's online and offline access to accounts reporting to credit bureaus within Defendant's institution. **(Exhibit C)**

38. It is Plaintiff's whistleblowing act on the wrongdoings of Defendant that has made Defendant behave in such unusual ways towards Plaintiff.

39. As a direct and proximate result of Defendant's retaliatory acts, Plaintiff has suffered and continues to suffer damages.

40. As a direct and proximate result of retaliatory acts, Plaintiff is entitled to recover general damages and a permanent injunction against Defendant's harmful acts.

## COUNT IV: PUNITIVE DAMAGES

41. Plaintiff repeats, realleges, and incorporates the allegations of the preceding paragraphs of this Complaint as if each were fully set forth herein in entirety.

42. Defendant's acts and omissions were willful, wanton, and demonstrated that entire want of care which raises the presumption of conscious indifference to consequences.

43. Accordingly, Defendant is liable to Plaintiff for punitive damages to punish, penalize, and deter Defendant from similar conduct in the future.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

(a)     For Judgment against Defendant to compensate Plaintiff for his emotional pain and suffering;

10

(b)     That Plaintiff obtains a judgment against Defendant in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

(c)     For punitive damages against Defendant in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

(d)     A permanent injunction compelling Defendant to comply with the provisions of GLBA and desist from violating the same;

(e)     A permanent injunction compelling Defendant to refrain from interfering with Plaintiff's access to the accounts;

(f)     All costs of this action.

(g)     All other relief as the Court deems just and proper.

## VII.
## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.


Dated: ____Sept 1_____, 2021.


                                        JERMAINE LITTLE
                              By: _____
                                           Pro Se Plaintiff

                                  2825 COLD SPRINGS TRAIL SW
                                        MARIETTA, GA 30064


                                    PHONE: 678-931-9332



11

# EXHIBIT A

## ACCOUNT SUMMARY REPORT
### 3/25/2021 4:18:11 PM

*This account summary has been prepared by Resurgent Capital Services on behalf of LVNV Funding LLC. It is not a credit card or other account statement from the original creditor.*

| Borrower Information | Current Account Information | |
|---|---|---|
| **Name:** JERMAINE LITTLE | **Owner:** | LVNV Funding LLC |
| **Address:** 2825 Cold Springs Trl SW | **Resurgent Reference #:** | 680787414 |
| **City:** Marietta | **Original Creditor:** | Synchrony Bank |
| **State:** GA | **Account Number:** | XXXXXXXXXXXX0260 |
| **Zip Code:** 30064-4457 | **Merchant:** | Care Credit |
| | **Current Balance Due:** | $769.27 |
| | **Date of Last Payment:** | 08/13/2017 |

### Historical Account Information

| | |
|---|---|
| The original creditor for this account was: | Synchrony Bank |
| | P.O. Box 105972 |
| | Atlanta, GA 30348 |
| The origination date with original creditor was: | 05/14/2015 |
| The account charge-off date was: | 02/16/2018 |
| The account charge-off amount was: | $769.27 |
| The account was acquired on or about: | 02/26/2019 |
| The account balance at time of acquisition: | $769.27 |

*This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.*

# EXHIBIT B

October 24, 2020

Jermaine Little
2825 Cold Springs Trail SW
Marietta, GA 30064

xxx-xx-4530

LVNV FUNDING LLC

RE:  **NOTICE * GRAMM LEACH BLILEY ACT * NON-COMPLIANCE REPORTING**

THIS IS NOT a request for verification or validation of debt. This is a NOTICE &
DEMAND to LVNV FUNDING LLC that your institution is not conforming and is currently
reporting in non-compliance with the following Gramm Leach Bliley Act statute(s):

**Sec. 6802 - Obligations with respect to disclosures of personal information
(a)(b)(c)(d)**

**Sec. 6803 - Disclosure of institution privacy policy (a)(b)**

For the record, I, Jermaine Little, HAVE NOT received an INITIAL nor ANNUAL
PRIVACY POLICY NOTICE from your institution as required by the GLBA statute(s)
above, nor have I been given a chance to opt-out of my personal information from being
shared w/ 3rd parties. So why does LVNV FUNDING LLC, a non-complaint institution,
continue to report negatively on my credit profile and put my privacy at risk?

Until compliance with **Sec. 6802-6803 of the GLBA** can be proven and substantiated, I
DEMAND that LVNV FUNDING LLC PERMANENTLY DELETE the following account
within 24 hours and forward to me on company letterhead proof of this occurrence to
the address above.

By publishing this noncompliant account on my credit report and distributing them to 3rd
parties you are damaging my reputation and credit worthiness. For the record, I have
also filed this complaint with my state AG's office.

1) **LVNV FUNDING LLC -** ***0260 - No privacy policy disclosures provided.
PLEASE DELETE

Thank you for your immediate attention to this matter.

Jermaine Little

# EXHIBIT C



# Account Summary

You have **1** account, but it is not available to view at this time.

## Unavailable Accounts

**Elan Financial Services, Inc.**
**(...2367)**

**This account is unavailable to view
online at this time.**

Due to the current status of this

 

service.transunion.com/dss/disclosureCategories.page

Apps   Lists | MailChimp   Bluehost cPanel - pri...   No Name   Designer | GoGoPin Ad   Fiverr: Graphics, mark...   Premier EVR   Support - DDI Techno...   Other bookmarks   Reading list

| | | | |
|---|---|---|---|
| ∨ NELNET LOAN SERVICES INC | 16225**** | | $13 |
| ∨ NELNET LOAN SERVICES INC | 16225**** | | $36 |
| ∨ SYNCB/JC PENNEY | 600889240449**** | | - - - |
| ∧ LVNV FUNDING LLC | 601918329830**** | $769 | - - - |

| | | | |
|---|---|---|---|
| Address<br>C/O RESURGENT CAPITAL SERVICES,PO BOX 1269 GREENVILLE, SC 29603 | Phone<br>(866) 464-1183 | Date Opened<br>02/26/2019 | Responsibility<br>Individual Account |
| Loan Type<br>DEBT BUYER | Date Updated<br>07/08/2021 | Payment Received<br>0 | High Balance<br>$769 |
| Original Creditor<br>SYNCHRONY BANK CARE CREDIT | Past Due<br>$769 | Pay Status<br>>In Collection< | |
| Estimated month and year this item will be removed<br>07/2024 | Remarks<br>Account information disputed by consumer (FCRA);>PLACED FOR COLLECTION< | | |

Account Type
Open Account

## Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current: Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ∨ DSNB/MACYS | 43702308**** | $0 | - - - |
| ∨ NAVIENT | 95898205381000**** | $0 | $0 |

# EXHIBIT D



**RESURGENT**
*Capital Services*

*Compliance Hours of Operation*
Monday-Thursday 8:00AM-5:00PM
Friday 8:00AM-12:00PM

*Compliance Address*
55 Beattie Place, Suite 110 MS 250
Greenville, SC 29601

*Compliance Contact Numbers*
Toll Free Phone 1-888-665-0374
Toll Free Fax 1-866-467-0918

March 31, 2021

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552

RE:   Jermaine Little; CFPB Case #: 210201-6003853
      Account Number:     6019183298300260
      Original Creditor:    Synchrony Bank
      Current Owner:     LVNV Funding LLC
      Reference Number:  680787414

Dear Sirs/Madams,

      This letter is in response to the Consumer Financial Protection Bureau ("CFPB") inquiry received February 1, 2021 regarding the referenced account. LVNV Funding LLC ("the Current Owner") currently owns the referenced account, having acquired it on February 26, 2019. Resurgent Capital Services L.P. ("Resurgent") is the servicer of the account.

      At Resurgent, we take our customer service and consumer protection obligations very seriously and have dedicated significant resources to our compliance-related functions. I have personally reviewed Jermaine Little's inquiry and believe the following information will address their concerns.

      The referenced account originated on May 14, 2015 with Synchrony Bank and was opened with Care Credit. The last payment in the amount of $53.00 was received on August 13, 2017. The account charged off on February 16, 2018 with a balance of $769.27. No payments have been received on this account since it was acquired by the Current Owner. The current account balance is $769.27.

      With its purchase of the account, the Current Owner acquired all ownership rights, including the rights to collect on the account and to report to the consumer reporting agencies, (also known as "credit bureaus"), if eligible. Currently, this account is being reported to the credit bureaus on behalf of the Current Owner. Based on information contained in our account records, the tradeline for this account should not be deleted; however, it is being reported as disputed to the credit bureaus. It will continue to report as such for the remaining reporting period unless new facts require a change.

      As stated above, this account charged off. Charging off an account does not satisfy the debt, nor does it affect the consumer's responsibility for the amount owed. Additionally, if the account is sold, the new owner has the right to collect the account.

      Resurgent, as master servicer for the Current Owner, uses third-party servicers ("Servicers") to service accounts on its behalf. This account has been placed with one or more of these Servicers since it was acquired by the Current Owner. I have enclosed a copy of the letter our Servicer sent to Jermaine Little

on March 1, 2019 that provided them with Resurgent's privacy policies in accordance with The Gramm–Leach–Bliley Act, the validation notice as required by the Fair Debt Collection Practices Act ("FDCPA") and that notified them that the Current Owner may report a negative item on their credit report.

We are providing the enclosed account summary and the bill statements on file for the account as verification of debt in accordance with the FDCPA, section 809(15 U.S.C.§ 1692(g)) and applicable state and local requirements.

I hope my response has addressed all of Jermaine Little's concerns. If there are any further questions, comments or concerns, they may contact me via Customer Service at 1-888-665-0374.

Respectfully,

Dax
Compliance Department
Resurgent Capital Services L.P.

Enclosure(s)

**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | Sherman Originator LLC |
| Sherman Originator III LLC | | |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1)information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.
**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

