# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JERMAINE LITTLE,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>LVNV FUNDING LLC,<br><br>　　Defendant. | CIVIL ACTION NO.<br>1:21-cv-03639-WMR |

## ORDER

Plaintiff Jermaine Little commenced this *pro se* action against LVNV Funding LLC ("LVNV") in September 2021. [Doc. 1.] He alleged that LVNV violated the Gramm-Leach-Bliley Act and brought various claims based on LVNV's purported conduct. [*Id.* at 1, 6–10.] In each count of the complaint, Mr. Little incorporated by reference all allegations of the previous paragraphs of the complaint. [*See id.* ¶¶ 23, 29, 36, 41.] LVNV moved to dismiss the complaint. [Doc. 10.] LVNV argued that Mr. Little's complaint is an impermissible shotgun pleading because the complaint "contains multiple Counts, and each Count adopts the allegations of all preceding Counts." [Doc. 10-1 at 4–5.] LVNV also asserted that Mr. Little's claims failed on the merits. [*Id.* at 5–9.] In the alternative, LVNV requested that the Court order Mr. Little to provide a more definite statement. [*Id.* at 9.]

The Eleventh Circuit has identified four types of shotgun pleadings, including a "complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). There is "little tolerance for shotgun pleadings" because, among other things, they "waste scarce judicial resources" and "inexorably broaden the scope of discovery." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alteration adopted). As LVNV argues, Mr. Little's complaint is a shotgun complaint because, in each count of the complaint, Mr. Little incorporated by reference all allegations of the previous paragraphs of the complaint. [*See* Doc. 1 ¶¶ 23, 29, 36, 41.]

Although the Court finds that Mr. Little's complaint is a shotgun pleading, it disagrees with LVNV that dismissal is proper. Instead, even though Mr. Little has not requested leave to amend the complaint, the Court must *sua sponte* grant Mr. Little leave to amend in order to address the complaint's shotgun-pleading issues. In *Vibe Micro*, the Eleventh Circuit established that "[w]hen a litigant files a shotgun pleading . . . and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro*, 878 F.3d at 1296. While *Vibe Micro* involved a party "represented by counsel," *id.*, "there is no indication" that *Vibe*

*Micro*'s rule does "not apply to *pro se* litigants, especially since *pro se* parties are entitled to more leniency," *Isaac v. United States*, 809 F. App'x 595, 599 (11th Cir. 2020); *cf. Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("Our cases make clear that 'a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice[.]'") (alteration adopted).  In amending his complaint, the Court advises Mr. Little that each count of his amended complaint should incorporate by reference only those allegations of the previous paragraphs of the amended complaint that are relevant for that count.[1]

Accordingly, Mr. Little is **GRANTED** leave to amend his complaint within 30 days of the date of this Order and LVNV's motion to dismiss [Doc. 10] is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 15th day of November, 2021.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　WILLIAM M. RAY, II
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Because the Court is granting Mr. Little leave to amend his complaint, the Court need not address the complaint's other supposed deficiencies raised by LVNV's motion to dismiss. [*See* Doc. 10-1 at 5–9.] Nonetheless, the Court advises Mr. Little to consider addressing those other supposed deficiencies in his amended complaint.